UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PATRICIA L. IRVING,

   Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC.,

   Defendant.

Case No.   4:20-cv-01128

## CLASS ACTION COMPLAINT

**NOW COMES** Plaintiff, PATRICIA L. IRVING, individually, and on behalf of all others similarly situated, through the undersigned counsel, and pursuant to Fed. R. Civ. P. 23 asserting the following class action claims against Defendant, NATIONAL CREDIT SYSTEMS, INC.:

## NATURE OF THE ACTION

1.   This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.   Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4.   PATRICIA L. IRVING ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Houston, TX.

5.   Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.   NATIONAL CREDIT SYSTEMS, INC. ("Defendant") is a corporation organized under the laws of Georgia.

7. Defendant maintains its principal place of business at 3750 Naturally Fresh Boulevard, Atlanta, Georgia 30349.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff entered into a residential lease with Linda Vista Apartments.

11. When the lease agreement terminated, there was an alleged balance of $400 ("subject debt").

12. Soon thereafter, Linda Vista Apartments placed the subject debt with Defendant for collection.

13. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, or household purposes.

14. On August 2, 2019, Defendant sent Plaintiff a dunning letter seeking to collect the subject debt ("Collection Letter").

15. The Collection Letter depicted, in pertinent part:

INTENTIONALLY LEFT BLANK

> **Detach Upper Portion And Return With Payment**                                    August 2, 2019
>
> Current Creditor: LINDA VISTA APTS / 1913
> Account #: 3995073
> Balance: $400.00
> Resolution Offer: $200.00          ***50% DEBT DISCOUNT OFFER***
>
> National Credit Systems, Inc. has been authorized by its client to extend a special opportunity to resolve the above referenced account. You may satisfy your debt in full at a 50% discount if you pay by 8/30/19.
>
> This offer is valid as of the time of receipt of this letter until the offer expiration date of 8/30/19.
>
> Due to the tremendous response we expect to receive from this offer, we recommend that you avoid the rush by making payment through our website, www.nationalcreditsystems.com, well before the expiration date. You may do this by going to our website, then clicking the Former Residents button, and login using your Account # and Balance values located at the top of this letter. After the login, you should click the Payments link, enter the required fields with the Payment Amount being the Resolution Offer listed above, and then click Confirm. Feel free to contact us if you have any questions about this process.
>
> We encourage you to take advantage of this generous offer, realize a very significant savings, and resolve your debt once-and-for-all. NCS will appropriately update any information it may have submitted to the credit bureaus regarding this debt.

16. The Collection Letter proposed to resolve the subject debt for $200.00.

17. Specifically, the Collection Letter stated:

> National Credit Systems, Inc. has been authorized by its client to extend a special opportunity to resolve the above referenced account. You may satisfy your debt in full at a 50% discount if you pay by 08/30/2019.

18. The Collection Letter further stated:

> Due to the tremendous response we expect to receive from this offer, we recommend that you avoid the rush by making payment through our website…We encourage you to take advantage of this generous offer, realize a very significant savings, and resolve your debt once-and-for all. NCS will appropriately update any information it may have submitted to the credit bureaus regarding this debt.

19. The Collection Letter created a false sense of urgency to pay because it implied that the offer to settle the subject debt for 50% of the balance would expire on 8/30/19.

20. However, Defendant's 50% offer to settle the subject debt was (1) perpetual and (2) extended to hundreds of similarly situated consumers, and thus was by no means a "special opportunity."

21. Specifically, the Collection Letter expressly stated that Defendant expects a "tremendous response to this offer" and that Plaintiff should promptly take advantage of the offer

3

to "avoid the rush"; thus clearly demonstrating that the offer was not "special" and extended to many similarly situated consumers.

22. Moreover, the language "[d]ue to the tremendous response we expect to receive from *this offer*" was highly confusing as it implies that Plaintiff may not be the only person liable for the subject debt. (emphasis added)

23. Defendant deliberately designed the language contained in the Collection Letter to create a false sense of urgency and pressure Plaintiff into making a prompt payment on the subject debt to avoid missing out on the "special opportunity."

## **CLASS ALLEGATIONS**

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Plaintiff brings this action pursuant to and Fed. R. Civ. P. 23, individually, and on behalf of all others similarly situated ("Putative Class").

27. The Putative Class is defined as follows:

> All natural persons residing in the State of Texas (a) that received a correspondence from Defendant containing similar settlement offer language highlighted in Paragraphs 17-18; (b) within the one (1) year preceding the date of this complaint through the date of class certification; and (c) in connection with the collection of a consumer debt owed to Linda Vista Apts.

28. The following individuals are excluded from the Putative Class: (1) any Judge or presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the

Putative Class; (5) the legal representatives, successors or assigns of any such executed persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity:

29. Upon information and belief, Defendant mailed hundreds of letters with the identical format and language as the letter described above to consumers in Texas.

30. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

31. Members of the Putative Class can be objectively identified from records of Defendant to be gained in discovery.

### B. Commonality and Predominance:

32. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality:

33. Plaintiff's claims are representative of the claims of other members of the Putative Class.

34. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as result of Defendant's conduct.

### D. Superiority and Manageability:

35. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

36. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

37. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

38. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation:**

39. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

40. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

41. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

**Count I – Violations of Sections 1692e and e(10) of the FDCPA**
**(On behalf of Plaintiff, individually, and Members of the Putative Class)**

42. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

43. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

44. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

45. The Collection Letter violated 15 U.S.C. §§1692e and e(10) by falsely implying that the "special opportunity" was open for a limited amount of time when in reality it was open perpetually and was in no way unique to Plaintiff and the Putative Class Members.

46. Specifically, the Collection Letter was misleading because Defendant's 50% offer to settle the subject debt was extended to hundreds of similarly situated consumers, and thus was by no means a "*special* opportunity." (emphasis added)

47. Moreover, the language "[d]ue to the tremendous response we expect to receive from this offer" was highly confusing as it implies that Plaintiff may not be the only person liable for the subject debt. (emphasis added)

48. As a result of the language contained in the Collection Letter, Plaintiff was misled into believing that the "special opportunity" was unique to her and will expire on 8/30/19, thus creating a false sense of urgency to make payment in the offered amount before the offer expired.

49. As the Seventh Circuit Court of Appeals in *Evory v. RJM Acquisitions Funding, L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007) eloquently explained:

> "There is nothing improper about making a settlement offer. The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount; for the offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts. In fact debt collectors, who naturally are averse to instituting actual collection proceedings for the often very modest sums involved in the consumer debt collection business, frequently renew their offers if the consumer fails to accept the initial offer." *Id.*

50. Notably, the Collection Letter did not contain judicially created safe harbor language pertaining to settlement offers by debt collectors such as "[w]e are not obligated to renew any offers provided," which was designed to balance the interests of consumers and debt collectors. *Id.* at 776.

**WHEREFORE**, Plaintiff, PATRICIA L. IRVING, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Sections 1692e and e(10) of the FDCPA;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Class Members statutory damages;

d. Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

e. Awarding any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: March 30, 2020                                              /s/ Mohammed O. Badwan

Mohammed Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com